# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LADONNA S. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-5018-SSA-CV-SW-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant LaDonna S. Miller seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on January 29, 2005. The parties' briefs were fully submitted, and on February 10, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

**Discussion**

Claimant LaDonna Miller was born in 1971 and has not been substantially gainfully employed since her alleged onset date of January 29, 2005.

She was in special education classes while in school, and has a high school education. Her relevant employment history includes medium, unskilled work as a hand packer. She indicates she suffers from a personality disorder, a mood disorder, mental retardation, obesity, sleep apnea, back pain and carpal tunnel syndrome. The record shows her mother has custody of her two children; she is, or was, married to an abusive husband who has a mental illness; and there have been times when she has been homeless or lived in residential facilities.

At step two of the sequential process, the Administrative Law Judge (ALJ) found plaintiff had severe impairments within the meaning of the Social Security Act. Those impairments were a borderline personality disorder, a mood disorder associated with a history of amphetamine abuse (currently in full remission), mild mental retardation, massive obesity and sleep apnea.

2

(Tr. 19, 24.) For reasons set forth in her decision, the ALJ did not find Miller's carpal tunnel syndrome, back pain attributed to lumbar strain, and possible seizure disorder to be severe within the meaning of the Act.

After summarizing the evidence and evaluating plaintiff's credibility, the ALJ determined Miller had the residual functional capacity to perform light exertional level labor, with limitations to simple, repetitive unskilled tasks that can be learned by simple demonstration, that does not require public contact or interaction with coworkers, and that would not expose her to hazards. She could not return to her former work, but could do other work in the national economy, such as a final assembler or production assembler.

In her request for judicial review, Miller asserts the ALJ erred by (1) failing to develop the record and not ordering an evaluation to determine her IQ, (2) not finding her carpal tunnel syndrome to be severe, (3) determining plaintiff was not credible, and (4) reaching a residual functional capacity that was not supported by substantial evidence.

"There is no bright line test for determining when the [Commissioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

In this case, the ALJ reviewed the evidence in the record as a whole, and relied upon the opinion of AmyKay Cole, Ph.D. Miller was referred to Dr. Cole for a psychological evaluation in conjunction with her application for Social Security benefits. In the recommendations section, Dr. Cole indicated Miller would be able to understand simple tasks and to concentrate and persist in those tasks. She noted plaintiff's previous success in the workplace suggests that any intellectual deficits had not impaired her functioning in simple tasks. Further, plaintiff reported that she stopped working due to physical limitations or problems with coworkers, and not because she lacked the mental ability to do the work.

After reviewing the record, the court does not find the ALJ erred in using the available evidence and in not ordering IQ testing. There is substantial evidence on the record as a whole for the ALJ to have concluded Miller had the intellectual ability to do simple, repetitive tasks in a work environment.

3

Miller next asserts the ALJ should have found the carpal tunnel syndrome to be a severe impairment within the meaning of the Act. The medical records indicate plaintiff was diagnosed with carpal tunnel syndrome on the right, prescribed pain medication, and told to take over-the-counter, anti-inflammatory medications. The ALJ noted that the physician diagnoses were not accompanied by clinical findings and her condition had not resulted in any work-related restrictions that had lasted for a continuous period of at least twelve months. While the ALJ could have found the condition to be severe, the court cannot say the ALJ erred in not doing so, particularly since the medical records did not show plaintiff was prescribed a splint, recommended for surgery, or placed on physical restrictions.

If, on review, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the decision must be affirmed. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

Miller contends the ALJ improperly discredited her testimony and failed to articulate the reasons for doing so. In her opinion, the ALJ noted that Miller's conditions could reasonably be expected to produce some of the alleged symptoms. Nevertheless, the ALJ did not find her testimony credible to the extent that it would preclude all work activity on a sustained basis. The ALJ explained her reasons for doing so, including plaintiff's testimony about sleep improvements, mental health improvements and her daily activities, and medical records which would not support the intensity or severity of the symptoms as alleged by plaintiff. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

Finally, plaintiff challenges the ALJ's findings with regard to her residual functional capacity. The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274

4

F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

The ALJ properly set forth the impairments she found to be credible and incorporated them into plaintiff's RFC. Clearly, plaintiff was obese and had pain associated with her carpal tunnel syndrome. The medical records, however, did not disclose plaintiff's obesity impaired her physical functioning such that she could not do light or sedentary work, or that her carpal tunnel pain restricted her work abilities for the requisite period of time. The ALJ identified the impairments she found to be credible based upon the testimony and medical evidence, and included them when determining plaintiff's RFC. There is substantial evidence on the record as a whole to support that determination.

In upholding the ALJ's determination and the decision of the Commissioner, this court is not unsympathetic to Miller's circumstances. The record demonstrates that she has physical and mental impairments which have been exacerbated by situational stressors and poor choices. The combined result, however, does not overcome substantial evidence on the record as a whole to support the ALJ's findings. Plaintiff is to be commended for moving her substance abuse into remission and taking steps to obtain treatment for her psychological stressors. She is also to be commended for her efforts to work through sheltered workshops and vocational rehabilitation.

Nevertheless, the administrative decision must be upheld if there is substantial evidence in the record as a whole to support the conclusion that plaintiff is not disabled. Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993); Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir. 1992). The records submitted to the court indicate plaintiff has some impairments, but there is substantial evidence to support the conclusion of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 18th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5